**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WALT KORDA,**

**Plaintiff,**

**v.** **Case No.:**

**RETRIEVAL-MASTERS CREDITORS BUREAU, INC.,**

**Defendant.**
______________________________/

**DEMAND FOR JURY TRIAL**

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **WALT KORDA** ("Mr. Korda" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought as against Defendant, **RETRIEVAL-MASTERS CREDITORS BUREAU, INC.** ("Defendant"), and in support thereof states as follows:

***Introduction***

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt by calling Mr. Korda's Cellular Telephone using an automatic telephone dialing system or prerecorded voice after Mr. Korda revoked consent for Defendant to call his Cellular Telephone.

***Jurisdiction and Venue***

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.
3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## ***Parties***

5. Plaintiff, Mr. Korda, was and is a natural person and, at all times material hereto, is an adult, a resident of Manatee County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).
6. Mr. Korda is the regular user and subscriber of the Cellular Telephone number 941-***-3688 ("Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).
7. At all times material hereto, Defendant was and is a foreign profit corporation with its principle place of business in the State of New York and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, Florida 33324.
8. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

## ***Statements of Fact***

9. Mr. Korda opened an account with a debt owner ("Account").
10. The Account was used primarily for personal, family, or household purposes.
11. Mr. Korda fell behind on his monthly payments towards the Account, and there accrued an outstanding balance owed on the Account ("Debt").
12. The Account was thereafter transferred, assigned, or sold to Defendant for the purpose of collection of the Debt.

13. In or around May of 2014, Defendant began placing calls to Mr. Korda's Cellular Telephone.
14. Defendant's calls were placed in connection with the collection of the Debt.
15. In or around March of 2014, Mr. Korda answered one or more of Defendant's calls and demanded that Defendant stop calling his Cellular Telephone.
16. Despite his request for Defendant's calls to stop, Defendant continued to call Mr. Korda's Cellular Telephone in attempts to collect the Debt.
17. Defendant called Mr. Korda's Cellular Telephone at least one hundred and seventy (170) times during the time period spanning from May 30, 2014 through February 19, 2015.
18. Defendant called Mr. Korda's cellular phone from one telephone number: 800-804-0057.
19. Mr. Korda has been harassed by Defendant's calls due to the frequency and timing of each of the calls.
20. Under information and belief, each of Defendant's telephone calls was placed to Mr. Korda's Cellular Telephone using an automatic telephone dialing system.
21. Under information and belief, each of Defendant's telephone calls was placed to Mr. Korda's Cellular Telephone using a prerecorded voice.
22. Under information and belief, Defendant did not place any calls to Mr. Korda for emergency purposes.
23. Defendant did not have Mr. Korda's express consent to make any of the telephone calls placed to Mr. Korda's Cellular Telephone.

## ***Count 1: Violation of the Telephone Consumer Protection Act***

24. Mr. Korda re-alleges paragraphs 1-23 and incorporates the same herein by reference.
25. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, Cellular Telephone service, . . . or any service for which the called party is charged for the call.

26. Mr. Korda revoked consent to have the Defendant call his cellular phone in or around March of 2014 when he expressly told Defendant to stop calling him.
27. Despite this revocation of consent, Defendant thereafter called Mr. Korda at least forty (40) times.
28. Defendant willfully and knowingly placed non-emergency calls to Mr. Korda's Cellular Telephone without the express consent of Mr. Korda.
29. Under information and belief, Defendant used an automatic telephone dialing system when it placed all calls to Mr. Korda's Cellular Telephone.
30. Defendant's phone calls harmed Mr. Korda by being a nuisance and invading Mr. Korda's privacy.
31. Defendant's phone calls harmed Mr. Korda by trespassing upon and interfering with Mr. Korda's rights and interests in the use of his Cellular Telephone.
32. Defendant's phone calls harmed Mr. Korda by trespassing upon and interfering with Mr. Korda's rights and interests in his Cellular Telephone line.
33. Defendant's phone calls harmed Mr. Korda by wasting his time.
34. Defendant's phone calls harmed Mr. Korda by causing a risk of personal injury to Mr. Korda due to interruption and distraction.
35. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;
b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);
c. Awarding Plaintiff costs;
d. Ordering an injunction preventing further wrongful contact by the Defendant; and
e. Any other and further relief as this Court deems equitable.

***<u>Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")</u>***

36. Mr. Korda re-alleges paragraphs 1-23 and incorporates the same herein by reference.
37. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:
    a. Defendant violated the FCCPA § 559.72 (7) by willfully communicating with Mr. Korda with such frequency as can reasonably be expected to harass Mr. Korda, by causing Mr. Korda's cell phone to ring continuously.
38. As a result of the above violations of the FCCPA, Mr. Korda has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.
39. Defendant's phone calls harmed Mr. Korda by being a nuisance and invading Mr. Korda's privacy.
40. Defendant's phone calls harmed Mr. Korda by trespassing upon and interfering with Mr. Korda's rights and interests in the use of his Cellular Telephone.

41. Defendant's phone calls harmed Mr. Korda by trespassing upon and interfering with Mr. Korda's rights and interests in his Cellular Telephone line.
42. Defendant's phone calls harmed Mr. Korda by wasting his time.
43. Defendant's phone calls harmed Mr. Korda by causing a risk of personal injury to Mr. Korda due to interruption and distraction.
44. It has been necessary for Mr. Korda to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.
45. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;
b. Awarding actual damages;
c. Awarding costs and attorneys' fees;
d. Ordering an injunction preventing further wrongful contact by the Defendant; and
e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **WALT KORDA**, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 7, 2017.**

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
FBN: 74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
mike@zieglerlawoffice.com
Trial Counsel for Plaintiff

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
FBN: 125132
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
kaelyn@zieglerlawoffice.com
Trial Counsel for Plaintiff